UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62473-CIV-MARRA/HOPKINS

KENNETH YAMASHITA,
individually,

    Plaintiff,
vs.

MERCK & CO., INC., a
New Jersey corporation,

    Defendant.
_____/

## ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant Merck & Co., Inc.'s Motion to Dismiss Plaintiff Kenneth Yamashita's Complaint [DE 10].  Rather than respond to the motion, Plaintiff filed a Motion for Leave to Amend Complaint [DE 12].  The initial complaint, filed on October 20, 2011, alleges six causes of action against Merck & Co. Inc. ("Merck"):  breach of written agreement, fraud in the inducement (Retention Agreement), breach of fiduciary duty, unpaid wages in violation of Chapter 448 of the Florida Statutes, intentional infliction of emotional distress, and racial discrimination.  Plaintiff now seeks to amend his complaint by adding an additional cause of action for fraud in the inducement (Separation Agreement).  Merck opposes the amendment based on an argument asserted in its Motion to Dismiss: that Plaintiff's Complaint already contains three counts[1] that must be dismissed based upon the economic loss

---

[1] Fraud in the inducement (retention agreement), breach of fiduciary duty, and intentional infliction of emotional distress.

rule and that the addition of a claim for fraud in the inducement (separation agreement) would simply add just one more claim that would have to be dismissed, rendering the amendment futile.

## Discussion

A decision whether to grant leave to amend is within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, the court's discretion is severely circumscribed.  Discretion to deny leave to amend is limited by the principle, embodied in Federal Rule of Civil Procedure 15(a) that "leave shall be freely given when justice so requires," and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.  See Fed. R. Civ. P. 1.  A court may not use its discretion either arbitrarily or in a way that undermines the basic policy of the rule.  Indeed, the Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded."  *Foman*, 371 U.S. at 182.  Therefore, because "this mandate is to be heeded," there must be a "justifying reason" for a court to deny leave.  *Id.*; *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed).

In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile.  *Foman*, 371 U.S. at 182.  Merck's sole argument, that the amendment would be futile, lacks substance or merit.

### Economic Loss Rule

Under the economic loss rule, a plaintiff may not bring a tort claim to recover economic damages arising from a breach of contract, unless there are personal injury or property damages.  See *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994).  Under Florida law however, courts draw a distinction between claims for fraud in the performance of a contract, which are barred by the economic loss rule, and claims for fraudulent inducement.  *Hobirn, Inc. v. Aerotek, Inc.*, 787 F. Supp. 2d 1298 (S.D. Fla. 2011).

Fraud in the inducement has been recognized as an exception to and is not barred by the economic loss rule.  *Treco Intern. S.A. v. Kromka*, 706 F. Supp. 2d 1283 (S.D. Fla. 2010); *Connecticut General Life Ins. Co. v. Jones,* 764 So. 2d 677 (Fla. Dist. Ct. App. 2000); *Sarkis v. Pafford Oil Co., Inc.,* 697 So. 2d 524 (Fla. Dist. Ct. App. 1997); *Greenfield v. Manor Care, Inc.*, 705 So. 2d 926 (Fla. Dist. Ct. App. 1997).  Fraudulent inducement is a tort independent of a breach of contract claim; it requires proof of facts separate and distinct from those required to demonstrate breach of contract. *May v. Nygard Holdings Ltd.*, 203 Fed. Appx. 949, 951(11th Cir. 2006) citing *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla.1996); *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489 (Fla. Dist. Ct. App. 2001); *Poag v. Harring,* 696 So. 2d 1363 (Fla. Dist. Ct. App. 1997).  Stated differently, inducing a party to enter into a contract by misrepresenting a material fact on which the party justifiably relies to its detriment constitutes an independent tort.  Thus, fraud in the inducement independent of the breach of contract is not barred by the economic loss

rule even when only economic losses are sought to be recovered.  *Jarmco, Inc. v. Polygard, Inc.*, 668 So. 2d 300 (Fla. Dist. Ct. App. 1996), decision approved, 684 So. 2d 732 (Fla. 1996); *TGI Development, Inc. v. CV Reit, Inc.*, 665 So. 2d 366 (Fla. Dist. Ct. App. 1996), decision approved, 689 So. 2d 255 (Fla. 1996).  Therefore, the economic loss rule is not a bar to and has no affect on the fraud in the inducement (separation agreement) claim that Yamashita seeks to add to the complaint (nor for that matter, to the fraud in the inducement (retention agreement) claim already asserted). *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004) ("Although parties in privity of contract are generally prohibited from recovering in tort for economic damages, we have permitted an action for ... torts committed independently of the contract breach, such as fraud in the inducement"). Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Amend Complaint [DE 12] is granted.  Pursuant to the Administrative Procedures, Southern District of Florida, Plaintiff shall separately electronically file his Amended Complaint which is deemed filed as of the date of this Order.  By virtue of the anticipated filing of an Amended Complaint, Defendant Merck & Co., Inc.'s Motion to Dismiss Plaintiff Kenneth Yamashita's Complaint [DE 10] is DENIED as moot without prejudice refiling the motion

as to the Amended Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of February, 2012.

                                                                         KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record